**FREEMAN et al. v. CITY OF CORBIN et al.**

Court of Appeals of Kentucky.

Jan. 23, 1953.

———◆———

Joe S. Feather, Williamsburg, Thomas F. Young and H. M. Sutton, Corbin, for appellants.

Hiram H. Owens, Barbourville, for appellees.

CAMMACK, Justice.

■ This case involves the right of the City Commissioners of Corbin, a city of the third class, to create a new Board of Tax Supervisors after it developed that the acts of a previous Board were void, because no notice of its action had been given the taxpayers. The appellants sought to enjoin the second Board from acting. The appeal is from a judgment sustaining a demurrer to their petition.

The City acted under the following part of KRS 92.470:

"Omitted property or irregular or improper assessment in cities of third class. (1) Where any property in a city of the third class has not been assessed, or has been irregularly or improperly assessed, or where notice of the time and place of the meeting of the board of supervisors has not been properly or regularly given, the city may pass an ordinance directing the assessment of the property, or making correction in the assessment irregularly or improperly made, and giving notice of the place and time of the meeting of the board of tax supervisors so that any taxpayer may appear before that board. * * *"

We think this statute clearly gives the City the right to proceed as it did. Since the proceedings of the first Board were void, they amounted to nought. As a general proposition, a municipality is not estopped by the void acts of its officers from proceeding to perform legal acts. Forbes v. City of Ashland, 246 Ky. 669, 55 S.W.2d 917. We can not agree with the contention of the appellants that KRS 92.470 was intended to deal only with "unpaid taxes, omitted taxes and improper and irregular assessments, and not to taxpayers assessed in the true names of the property owners."

Judgment affirmed.